Church, J.
This was an action of claim and delivery, brought to recover possession of two buildings in Jamestown, D. T., one of which was a dwelling house and the other a store connected therewith.
Th^ plaintiff claims these buildings by virtue of a bill of sale thereof from one Henry C. Miller, dated October 19, 1878, by the terms of which Miller, in consideration of $1,000, the receipt of which is acknowledged, “ grants, bargains, sells and releases to the “ party of the second part ” (the plaintiff) “ his heirs and assigns “ all his right, title and interest ” to the property in question.
*285 The defendant, Rose A. Bill, was formerly the wife of Miller. The answer, after a general denial of the ownership or right of possession of the plaintiff, avers:
1. That these buildings are fixtures upon the land whereon they rest.
2. That on October 19, 1878, they were owned, possessed and occupied by ITenry O. Miller, who continued to own and occupy them until his decease, in the spring of 1879; that the land upon which said buildings were, and at all times have been situated, was sold and conveyed by deed of warranty, under seal and of date May 11, 1879, and executed and delivered by the Northern Pacific Railroad Company, a corporation, to the said Henry O. Miller, by virtue of which deed said land became the property of said Henry O. Miller, his heirs and assigns forever; and that on the decease of said Miller, in the spring of 1879, the said land and buildings succeeded to the said Rose A. Bill (then Miller) as his widow, and-Miller, his only surviving child, who ever since have owned, possessed and occupied said property by virtue of the title and possession aforesaid.
There was a general verdict for the defendants.
Several errors are assigned, of which we shall notice only those which seem essential to a proper disposition of the case. And, first, as to the necessity for a demand before suit is brought.
The rule which requires a demand is a technical one. The reason of it is that the law presumes that the party in possession of property not his own will respect the rights of the true owner when informed of them, and that upon demand being made he-will surrender without suit. But where the defendant claims to be the owner of the property, he ought not to be permitted to set up such claim and thus defeat a recovery by the plaintiff, under the pretense that he would have surrendered the property had he been requested so to do.
*286 "Where the circumstances are such as to show that a demand would have been unavailing no demand is necessary: Shoemaker v. Simpson, 16 Kan., 43; Simpson v. Wrenn, 50 Ill., 224; Smith v. McLean, 24 Iowa, 322; Wells on Rep., Secs. 345-349-374; and where, as in the present case, the plaintiff’s right to recover is contested by the defendant upon a claim of superior right, the defendant cannot set up a want of demand as a reason for his failure to surrender. If he desires to rely upon the omission to make demand, he should show a willingness to surrender upon proper demand made: Homan v. Laboo, 1 Neb., 207; and in such case it is at least extremely doubtful whether any further penalty than costs ought to be visited upon plaintiff.
No demand was necessary in this case, and the Court having instructed the jury, that unless they could find from the evidence that a demand was made before suit was brought they must find for the defendant, the error is sufficient to require a reversal of the judgment; but since other questions presented by the record are of general interest and are properly before the court, and in the event of a new trial will have a controlling influence upon the result, we deem it our duty to consider them.
The respondents in their brief submitted to the court insist that these buildings were fixtures and as such not the subject of re-plevin, or an action of claim and delivery under the statute; and the appellant, with equal earnestness, contends that they did not possess the statutory character of “ buildings, permanently resting upon land,” but it is not necessary to go into an extended discussion of this point since we think the law was stated with substantial correctness by the District Judge, as follows: “ Ordinarily a “ building placed upon land is a fixture, becomes part of the real “ estate and passes with it; but the buildings may be personal “ property under some circumstances. Parties are at liberty to *287 “ make any agreement or arrangement with regard to their property, “ to dwelling houses or any other property that they see fit, and if “ the agreement is such a one as will make the property personal “ property, as between those parties it is personal property, and “ may be so treated.”
Judge Cooley states the rule substantially in these words: “ The “ parties concerned may, by agreement in due form, give to fixtures “ the legal character of realty or personalty at their option, and “ the law will respect and enforce their understandings whenever “ the rights of third parties will not be prej udiced. Thus a house, “ constituting part of the realty, may be mortgaged or sold sep- “ arate from the land, and the mortgage or sale be perfectly valid “ if made in such form as to be sufficient under the Statute of “ Frauds.” * * *: Cooley on Torts, Secs. 427-430; 2 Smith’s Lead. Cases, 4th Am. Ed., 219; Wells on Rep., Sec. 61; Cochran v. Flint, 57 N. H., 514, (p. 544); Russell v. Richards, 1 Fairfield, 429; 2 id., 371; Smith v. Benson, 1 Hill, 178.
Now, the appellant, as before stated, claims title to this property, under the bill of sale referred to, and insists that by the execution and delivery of that instrument, Henry C. Miller, the vendor, gave to these buildings the legal character of personalty, and we think that under the law as above stated, such should be held to be its effect, in so far as it is operative for any purpose in this action. It becomes necessary to determine, therefore, the extent of its operation.
The defendants by their answer aver that on the date when this bill was executed said buildings were “ owned, possessed and occupied ” by Miller. Hpon the trial, however, and in the brief of counsel on this appeal, it was insisted on hehalf of the defendants, that at the time these buildings were erected the land belonged to the railroad company, and that the buildings thereupon became *288 tlie property of the company, and Miller at the time of the sale to appellant did not own them and could not convey any title to them, but that by the subsequent conveyance of the land by the railroad company to Miller, and Miller’s decease intestate, the land and buildings passed by succession to the defendants as Miller’s legal representatives.
The obvious objection to this insistment is, that not only is this defense not set up in the answer, but on the contrary as already * shown, the defendants expressly aver that Miller was the owner of the buildings at the time of the sale. We have not overlooked the allegations of the answer upon which the defense just indicated is supposed to be based, but it is sufficient to say that the averment of Miller’s ownership is in no wise inconsistent with the other facts alleged.
Even assuming that the land was ever owned by the company— an assumption not indeed required or perhaps warranted by any allegation of the answer — Miller may, nevertheless, have been the owner of the buildings, and against the pleader this allegation of the answer must be taken as true, and it must be conclusively presumed that at that time Miller did in fact own these buildings. But with this allegation and presumption, the present contention of the defendants is entirely inconsistent.
A defendant is not at liberty to raise an issue which he has closed by admissions (and a fortiori, by averments) in his answer, nor can one who explicitly admits or avers by his pleading that which establishes plaintiff’s right, be permitted to deny the existence of the fact so admitted or averred, or to prove any state of facts inconsistent therewith: "Whart. on Ev., Sec., 1110; Paige v. Willet, 38 N. Y., 28.
Moreover this insistment is opposed to and is in denial of Miller’s own deed. By section 1005, of the Civil Code, one who *289 •sells personal property as Ms own, thereby warrants that he has a .good and unencumbered title thereto. Possession of personal property by a vendor is ordinarily equivalent to an affirmation by him of his ownership thereof: Story on Sales, Sec. 367; McCoy v. Artcher, 3 Barb., 323. And the defendants cannot now be heard for the purpose of defeating Miller’s deed, to say that he did not in fact own this property, or that it belonged to a third party, by whose deed it was subsequently conveyed to and became the property of Miller. Miller certainly could not set up such a defense, even if properly pleaded. As the answer now stands, it does not appear by it that the railroad company ever had any legal interest in these buildings; and if they had, their deed ought, in equity and good conscience., to operate in effectuation of Miller’s conveyance to plaintiff, and not to defeat it. Nor have the defendants in this respect any better right. Their title is only such as fell to them from him upon his decease.
The case of Smith v. Benson, 1 Hill, 176, was quite similar in principle to this. Ladd, in possession of buildings used as grocery and dwelling upon leased ground, erected under an agreement with the landlord for their removal, mortgaged them to Smith and then sold out to Benson, selling these buildings subject to the mortgage. Subsequently Benson procured a lease directly from the landlord, and upon demand made by Smith for the possession of the buildings, after default in payment of the mortgage debt, refused to surrender, whereupon Smith brought an action of trover. Some suggestion appears in the case of a recognition by Benson of Smith’s title, but it does not seem to have entered into the determination of the case. It was held:
1st. That trover would lie.
2d. That defendant, deriving title to the buildings from the mortgagor was not at liberty to insist, as against the mortgagee, that they were part of the freehold; nor,
*290 3d. To dispute the title of the mortgagor.
See, also, Lacustrine Fertilizer Co. v. Lake Guano Co., 19 Hun, 47; Dazell v. Odell, 3 Hill, 219; Sherman v. Champlain Trans. Co., 31 Vt., 162; 2 Smith Lead. Cases, 7 Am. Ed., pp. 626-805. It must undoubtedly bo held, therefore, upon this branch of the cáse, that Miller intended by this bill of sale to transfer the buildings as personal property to the plaintiff, and that such was its legal operation and effect.
It follows that the learned Judge erred in admitting any evidence designed to prove that Miller had no license from the railroad company for the erection of these buildings. Such evidence could only be relevant as tending to show that Miller was not the owner of the buildings at the time of the sale, and for that purpose it was, as we have seen, improper.
It also follows from what has been stated that there was error in submitting to the jury the question of the legal character of these buildings as personalty or fixtures; that should have been determined by the court as matter of law in favor of the plaintiff.
The remaining assignment of error which we shall notice relates to the charge of the Court upon the subject of homestead, it being contended by the defendants that these buildings constituted the homestead of Miller, and therefore that the wife’s signature was necessary to the validity of the bill of sale.
Upon this point, after citing the statutory definition of what may be embraced in a claim of homestead, and the provision requiring the signature of the wife to any conveyance thereof, the Court instructed the jury as follows: “ I have no hesitation in “ saying, that buildings owned and occupied by a- man and his “ family constitute his homestead, although the land on which the “ buildings stand is only a leasehold estate; and although he is “ but a tenant at will upon the land, the buildings maybe a home- *291 •“ stead, although he has squatted upon the prairie and has built £l a house of any Mud, however .cheap or however expensive, .that ^£ is his homestead.”
It was not pretended that at the time the bill of sale was executed Miller had any right or title to or estate in the land on which these buildings were situated, and the rule seems to be well settled that while a very limited estate in the land, perhaps a mere leasehold interest, may be sufficient to support a claim of homestead, some estate in the land is essential. There can be no homestead right in a building alone, apart from the land on which it stands: Smith on H. and E., Secs. 112-113; Thompson H. and E., Secs. 165-7; Brown v. Keller, 32 Ill., 152; 25 ib., 610; Davenport v. Austin, 14 Ga., 271.
Without considering therefore, and expressing no opinion upon the question whether this claim could properly be set up under the answer filed, we think the Court erred in its instructions to the jury upon this point, or rather in submitting the question at all to the jury, since there was nothing in this branch of the case for them to pass upon. The judgment must be reversed and a' new trial
Granted.