## ANN HOLMES v. JOHN R. WOOD.

*Landlord and tenant—Tenancy at will—Notice—Pleading.*

1. In a suit to recover rent, it was admitted that a fixed rental was agreed upon, payable monthly, but the parties differed as to the *term* of the lease, the lessor testifying that it was for one year, and the lessee that no definite time was agreed upon. The lessee further testified that he told the lessor that he could not tell how long he would keep the house, as he did not know himself, but, if it suited him, and nothing occurred, he would probably stay in that locality three or four years, as he wished his children to attend a school near by. And it is held that the lessee was, upon his own showing, a tenant at will, paying rent monthly, and that he could not vacate the premises without a month's notice, as provided by 3 How. Stat. § 5774.

2. Notice must be given of a defense of non-tenantability in a suit to recover rent for the use of a dwelling-house.

3. Such a defense is not made out where the lessor had no notice that the house was claimed to be untenantable, and the tenant assigned other reasons for leaving the premises in his notice of removal, and, while testifying to the presence of bad odors, arising from the alleged want of repairs, did not testify that he left the house on that account.

Error to Wayne. (Gartner, J.) Argued October 27, 1891. Decided November 20, 1891.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*George H. Chaffin,* for appellant.
*James H. Pound,* for defendant.

MORSE, J. Plaintiff brought this suit in justice's court for the rent of a house for the month of February, 1890, where she recovered a judgment for $33 and costs. Defendant appealed to the circuit, and there prevailed.

There is no dispute but that defendant rented the house, commencing on the 1st day of May, 1889, at $33 per month, payable on the 15th day of each month. The plaintiff claims that the agreement was for a year at this rate. The defendant testifies that the contract was that he should pay $33 a month; that he told her that he could not tell how long he would keep it, as he did not know himself, but, if the house suited him, and nothing occurred, he would probably stay in that locality three or four years, as he wished his children to attend the Cass school; that no time was fixed for which he should rent it. Wood occupied the premises until the 31st day of January, 1890, when he removed therefrom, having previously sent plaintiff a letter on the 21st of January, 1890, notifying her that he was going to do so. On the day that he left the premises he sent by his son the key of the house, with a letter in a sealed envelope, to the plaintiff, who refused to receive it. On the 8th of March, 1890, she sent for the key, and it was delivered to her.

Wood also claimed on the trial that plaintiff agreed

to make all necessary repairs, but refused to do so, and that the sewerage from the closet bath-room was defective, and the odor was so bad that it affected the health of his family. Plaintiff denied that she ever agreed to make any repairs, but testified that she did so whenever requested.

The court instructed the jury that if they found the agreement, as plaintiff contended, a letting for a year, she was entitled to recover the rent for one month, unless the premises were untenantable because of sewer-gas escaping, and were not reasonably fit and suitable for the purpose for which they were rented, to wit, a dwelling-house; that, if the house was not suitable and fit for a dwelling, the defendant could surrender his lease at any time, and quit the building; that, if the jury believed the contract was as Wood stated, the defendant was entitled to a verdict. The instructions were erroneous.

1. Wood, by his own showing, was a tenant at will, paying rent monthly. *Hilsendegen v. Scheich*, 55 Mich. 468. He could not vacate the premises without a month's notice to plaintiff. 3 How. Stat. § 5774.[1] The notice being given on the 21st day of January, the plaintiff was entitled to the rent until and including the 21st day of February, under the same statute, which provides that the tenancy in such cases shall be determined "at the end of a period equal in time to that in which the rent is made payable," which in this case would be one month from the 21st day of January. The rent having been paid up to the 1st of February, the plaintiff was entitled to 21 days' rent.

2. The plea in this case was the general issue. There was no notice given under such issue by the defendant

---

[1] See *Huntington v. Parkhurst*, 87 Mich. 45, 46, and cases cited, where this section of the statute is discussed.

that the house was not tenantable as a dwelling, and it could not be interposed without such notice. No objection to the making of this defense, however, seems to have been urged on the trial. But there was not a sufficient showing in support of this defense to warrant its submission to the jury. The plaintiff had no notice that the house was claimed to be untenantable, and the reason assigned by the defendant in his notice for leaving the premises was as follows:

"Having to move my down-town office February 1, I have decided to move into larger quarters, and have it all together."

Neither Wood nor his wife, who were examined as witnesses, although complaining about the bad odor, arising from the alleged want of repairs, testified that they left the house on that account.

Judgment reversed, and a new trial granted, with costs of this Court to plaintiff.

The other Justices concurred.

