## HOWARD v. BRAUN *et al.*

Defendants were in possession of merchandise as agents of the former owner when plaintiff acquired title thereto. Plaintiff made a demand therefor, which was ineffectual because it also included goods belonging to defendants. Plaintiff then brought replevin, and defendants answered, alleging the right of possession by purchase of the goods. *Held*, that, as defendants claimed the right of possession, no demand or proof thereof was necessary.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Spink county. HON. A. W. CAMPBELL, Judge.

Action by Jarvis C. Howard against Henry Braun and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The facts are stated in the opinion.

*Sterling & Morris,* for appellants.

*C. J. Hute* and *Frank A. Luse,* for respondent.

HANEY, J. The plaintiff in his amended complaint, states his cause of action as follows: "That the plaintiff is the owner of and entitled to the possession of all the following goods and merchandise, to-wit: All of the stock of goods of every kind and description now in the possession of Henry Braun, the defendant, and Henry Braun and Henry Schaper, co-partners as Henry Braun & Co., and in possession of both the said Henry Braun and Henry Braun & Co., in their store building occupied by them in the village of Mellette, in the county of Spink, South Dakota, and all the goods that were in their possession at the time of the commencement of this action, being the stock of goods delivered to the said Henry Braun by the National Union Company, and by them sold and transferred to this plaintiff, including all the goods in the possession of said defendant of every kind and description, and the fixtures in said store of every kind, and also all the machinery held by them as a part of said stock of goods or otherwise, which goods are of the value of seven thousand five hundred dollars. That all of said goods are unlawfully and unjustly detained by the said defendants, notwithstanding that this plaintiff has repeatedly demanded the possession thereof. That this plaintiff has been damaged by the detention of said goods in the sum of five thousand dollars. Wherefore plaintiff demands judgment against the said defendants for the possession of said goods, and for the sum of seven thousand five hundred dollars in case the goods cannot be recovered, and for the sum of five thousand dollars damages for the detention of said goods, and for interest on the same since the commencement of this action." Each allegation of the complaint is denied in the answer, and it is therein alleged that on December 19, 1891, the defendant Henry Braun, being the owner of a certain

stock of merchandise situated in Mellette, of the value of about $3,000, sold the same to the National Union Company, and received as part payment therefor certain debenture bonds of the company for $2,400; that at the time of such sale defendant Henry Braun entered into a contract with the company, wherein it was agreed that he should be employed by the company to manage and operate a general store at Mellette, being the store and merchandise sold to the company, and that it was agreed, among other things, that the company should pay Braun a certain monthly salary, and allow him certain monthly expenses, and a certain per cent. upon the gross amount of sales; that in pursuance of such agreement Braun entered into the employ of the company, and continued therein until about February 6, 1893, when he entered into a contract with the plaintiff, whereby it was agreed that he should act as agent of the plaintiff, who had succeeded to the rights and interest of the National Union Company from February 6, 1893, until such time as the plaintiff or his authorized representative could make an inventory of the store, and adjust the accounts of the store with the National Union Company as of that date; that it was agreed that the plaintiff should pay Braun for the time he should act as such agent the same compensation as was paid him by the National Union Company when in its employ; that it was further agreed that at the time of making such inventory the plaintiff would purchase from Braun, at their face value, all claims due him from the National Union Company on February 6, 1893, the same to be paid him in goods from the stock in his store at such fair market valuation as might be agreed upon by two appraisers, one chosen by each of the parties to such contract; that, in the event of a disagreement, a third appraiser was to be chosen, whose decision was to be final. And the answer concludes as follows: "That at the time of making said agreement

there were numerous items of unsettled accounts between said Braun and the said National Union Company, the amount or extent of which is not known to defendants, but defendants are informed and believe that there was due from said company to said Henry Braun at least the sum of $10,000 upon a fair and just settlement of their business transactions under the agreements hereinbefore set out, together with the sum of $2,400 due said Braun on account of said debenture bonds, which had never been returned; that, when said agreement was entered into with the plaintiff, the goods, wares, and merchandise belonging to said company did not exceed the sum of $3,000; that after the contract of February 6, 1893, the defendants entered into a partnership for the buying and selling of general merchandise in said town in the same building wherein said company's goods were kept, and placed therein new goods of the value of $20,-000; that the goods of said company were kept separate and apart from the goods of the defendants, and were not invoiced for the reason that the contract of February 6, 1893, provided that the plaintiff was to make an inventory of the same; that at the commencement of this action certain claim and delivery proceedings were had, under and by virtue of which the plaintiff caused all the goods in said store, including the goods of the defendants, to be taken possession of by the sheriff of Spink county, and held until these defendants gave the required delivery bond; that the plaintiff has wholly failed to carry out the terms of said contract of February 6, 1893, and especially has failed to make an inventory of the goods on hand at said date, and has failed to adjust the accounts of said Braun with said company, although requested so to do, and in fact has done nothing towards a settlement of said affairs, and has not paid said Braun for his services from February 6, 1893, to the commencement of this action, and that said Braun has at all times carried out and

performed said contract. The defendants pray judgment that they be entitled to the possession of the goods owned by them and purchased subsequent to February 6, 1893, and that the defendant Henry Braun be entitled to the possession of the goods of said company until the accounts due him from the company be adjusted and settled, that the proceedings in said claim and delivery be vacated and set aside, and that the action proceed as an action between said Howard and the National Union Company and the said Henry Braun, and as an action for an accounting, wherein all the accounts between the parties relating to the store at Mellette may be adjusted, and the said Howard compelled to specifically perform the contract of February 6, 1893; and for such other and further relief as the defendants, or either of them, may be entitled to."

The case was referred to a referee, who returned the following decision: "(1) That at the time of the commencement of this action Henry Braun and Henry Schaper were co-partners doing business as Henry Braun & Co., at Mellette, South Dakota; that said defendants were running a general merchandise store at said town, and had in their possession in the said store a stock of general merchandise; that the defendant Henry Braun had in his possession at that time goods, wares, and merchandise belonging to the plaintiff of the invoice value of $3,931.54, and which goods were of the actual value of $1,000. (2) That said goods included in said invoice were held under a contract in words and figures following: * * * (3) That said last-mentioned goods of plaintiff were at the time of and before the commencement of this action kept in the store of said Henry Braun & Co. at Mellette, but were readily distinguishable from the goods of said defendant, and were not placed or intermingled with the goods of said defendant. (4) That during the latter part of June, 1893, and about three days before the commencement

of this action, plaintiff, through its agent at the town of Mellette, demanded from the defendant Henry Braun the possession of the entire stock of goods contained in said store, including the goods owned by Henry Braun & Co., and that no other demand by plaintiff for his goods was made before the commencement of this action. (5) That claim and delivery porceedings were sued out in this action, by virtue of which the sheriff of Spink county, by direction of plaintiff, seized all the goods, wares, and merchandise situated in the store of Henry Braun & Co. at Mellette, South Dakota, including the goods of Henry Braun & Co. as well as the goods of plaintiff. (6) That said seizure was accomplished by taking possession of said store, and ejecting the defendants from the building, and locking it up, and maintaining a guard thereon. (7) That afterwards the defendant Henry Braun & Co., in order to regain possession of the store, as well as the goods, wares, and merchandise, gave a redelivery bond to plaintiff, and thereby secured the redelivery of all the goods so seized by the sheriff, and recovered possession of the store building. (8) That, in order to secure the possession of said goods and store building by virtue of said redelivery bond, the said Henry Braun & Co. paid to the sheriff of Spink county his fees in said claim and delivery. (9) That immediately after said redelivery had been accomplished the defendants packed up in boxes all the goods, wares, and merchandise in said store building, and removed the same to a building known as the 'Skating Rink Warehouse,' and carefully stored the same therein, and have ever since said time been ready and willing to deliver said goods to plaintiff. (10) That the stipulation of settlement made on the 14th day of November, 1893, in this case, and signed by Frank A. Luse as attorney for plaintiff, as set out in the amended answer, was not within the scope of the authority of said attorney to make, and was not binding upon

the plaintiff. As conclusions of law, I find: (1) That the demand for the possession of the property of plaintiff hereinbefore described was necessary before the commencement of this action. (2) That no legal demand was made. (3) The plaintiff is not entitled to any recovery in this action. (4) The defendants are entitled to judgment for their costs and disbursements in this action."

Subsequently the following judgment was entered by the court: "This cause having been, by order of court, referred to H. H. Potter, Esq. for trial, and the said referee having, after hearing said cause, duly reported to this court his findings of fact and conclusions of law therein, as follows, viz.: * * * Now, therefore, the court being fully advised in the premises, and accepting and adopting the facts found by the referee, but being further satisfied by the pleadings upon which this action was tried that the defendant claimed the right to the possession of all the personal property described in the complaint of the plaintiff, and that, therefore, no demand or proof of demand was necessary, the answer clearly indicating that a demand would have been unavailing, it is therefore, notwithstanding the conclusions of law found by the referee, ordered and adjudged that the plaintiff have and recover of and from the defendants the possession of the goods which the referee found to belong to plaintiff and to be in defendant's possession at the time this action was brought, and that in case a return of said goods cannot be had, the plaintiff recover of and from the defendants the sum of $1,000, the value thereof as fixed by the referee. It is further ordered and adjudged that the defendants are the owners and entitled to retain the possession of the other personal property described in the complaint, and that the plaintiff recover costs, to be taxed by the clerk, and inserted herein."

The appeal being from the judgment alone, without any bill

of exceptions, and the report of the referee not being before us, the only question to be determined is whether the judgment is sustained by the pleadings and facts as found by the referee. In the absence of any showing of irregularity in the proceeding below, it will be presumed that the judgment was rendered in due time, and upon proper notice. The rule relative to the necessity for a demand before suit is brought in actions for the recovery of specific personal property is thus stated by the territorial supreme court: "The rule which requires a demand is a technical one. The reason of it is that the law presumes that the party in possession of property not his own will respect the rights of the true owner when informed of them, and that upon demand being made, he will surrender without suit. But, where the defendant claims to be the owner of the property, he ought not to be permitted to set up such claim, and thus defeat a recovery by the plaintiff, under the pretense that he would have surrendered the property had he been requested so to do. Where the circumstances are such as to show that a demand would have been unavailing, no demand is necessary (Shoemaker v. Simpson, 16 Kan. 43; Simpson v. Wrenn, 50 Ill. 224, 99 Am. Dec. 511; Smith v. McLean, 24 Iowa, 322; Wells, Repl. §§ 345, 349, 374); and where, as in the present case, the plaintiff's right to recover is contested by the defendant upon a claim of superior right, the defendant cannot set up a want of demand as a reason for his failure to surrender. If he desires to rely upon the omission to make demand, he should show a willingness to surrender upon proper demand made (Homan v. Laboo, 1 Neb. 207); and in such case it is at least extremely doubtful whether any further penalty than costs ought to be visited upon plaintiff." Myrick v. Bill, 3 Dak. 284, 17 N. W. 268. It is evident from the allegations and prayer of the answer that when this action was commenced defendants were insisting upon

the right to retain possession of all of the property described in the complaint. There is nothing in the findings of fact to indicate a different disposition on their part. From the fact that a demand was made for all of the property, and none of it was surrendered, it is a reasonable inference that defendants would have refused to surrender any portion of it if any particular portion had been demanded. Upon the record before us it must be presumed that the court below was justified in concluding that "the circumstances were such as to show that a demand would have been unavailing," and that, therefore, no demand was necessary. The judgment is affirmed.