SULLIVAN HOWARD, APPELLEE, V. REIN RAYMERS ET AL.,
APPELLANTS.·

FILED MARCH 19, 1902.   No. 11,408.

Commissioner's opinion, Department No. 1.

1. **Execution: LEVY: NULLA BONA: FRAUDULENT CONVEYANCE: LIEN OF EXECUTION.** Where an execution has been levied upon a fraudulently alienated piece of real estate after a failure to find goods and chattels, the execution creditor is entitled to proceed at once in equity to set aside the fraudulent conveyance and enforce the lien of the execution.

2. **Homestead: RIGHT: CONTIGUOUS PREMISES: NECESSARY SHOWING.** Where premises are claimed to constitute a part of the homestead of a debtor because adjoining premises are occupied as a residence of debtor's family, it is necessary to show a homestead right in the premises on which the family live.

3. ——: ——: **PERMISSIVE RESIDENCE WITH FATHER-IN-LAW.** A mere permissive residence in the family of one's father-in-law, however long continued, will establish no homestead rights in the father-in-law's land.

APPEAL from the district court for Hamilton county. Heard below before SEDGWICK, J.   *Affirmed.*

*Othman A. Abbott,* for appellants.

*Hainer & Smith, contra.*

HASTINGS, C.

Two questions seem to be presented in this case. The first one relates to the levy and return of an execution on which the creditors' bill which constitutes the action is based. The plaintiffs, having recovered a judgment in the Hamilton-county court, and filed transcript in the district court, procured an execution on which the sheriff indorsed, "After diligent search, I can find no goods or chattels whereon to levy and collect this writ or any part thereof," and then levied it on the premises in question in this action. No return seems to have been made to the execution, but the creditor's suit to set aside a deed of the

land levied upon was commenced before a return was due. Pending the trial, leave was obtained to make a return to the execution and to file a supplemental petition showing the same. A demurrer to the petition had been previously overruled, and an answer filed. Appellants claim now that these proceedings did not constitute a sufficient foundation for equitable proceedings to set aside the conveyance which is attacked in this action, and cite New York cases, and *Weaver v. Cressman,* 21 Nebr., 675, and *Jones v. Green,* 1 Wall. [U. S.], 330, in support of their position. *Weaver v. Cressman* merely goes to the extent of holding that a non-resident creditor may not proceed to appropriate funds of a non-resident debtor in the hands of the clerk of a court without first showing that the debtor had no attachable property in this state. *Jones v. Green* is simply a holding that, before equity would intervene, an attempt at collection by process of law must have been made, but it also holds that, where the execution has been levied upon property fraudulently conveyed, equity will intervene to make such levy effectual on the ground of vindicating the lien acquired by the execution. The same doctrine is asserted in 3 Freeman, Executions [3d ed.], p. 2316, sec. 430. This was the precise position taken by the trial court in this case, and there seems to have been no error in overruling the appellants' demurrer, or in permitting the supplementary petition.

The other question relates to the merits of the case. It is admitted in appellants' brief that the conveyance was voluntary. It is not disputed that the indebtedness to plaintiff had been incurred before it was made.. The conveyance attacked is to be deemed fraudulent, unless the premises covered by it are held to have been exempt as the homestead of defendant Rein Raymers. The land in question appears to have been owned for upwards of twenty years by Rein Raymers, and to have been conveyed by this voluntary conveyance just before plaintiffs' claim against him ripened into a judgment. During all of these years there was no dwelling house on the land in question;

the residence of Raymers and his wife being during all that time with the latter's parents, on an adjoining eighty acres of land. The evidence fails to disclose any right or ownership on the part of Raymers and his wife in the adjoining eighty on which they lived. It seems to have been a mutual arrangement made for the convenience of the parties, and terminable at the will of either. It is tolerably clear from the evidence that there was no legal estate in this adjoining piece of land held by the appellants, Raymers and wife. The claim sought to be made in the answer is that Raymers and wife held some estate in the land on which they lived with the latter's parents, and that, the other adjoining it, their homestead rights extended to the whole. The sole basis for such claim is the fact that Raymers and wife lived with the latter's parents on this adjoining land during all this time; that they seem to have jointly contributed to the expenses of the joint family, and Raymers controlled his own eighty acres of land, and sometimes farmed, under a rental agreement, some part of that on which he lived with his father-in-law, Zingscheim. But it is impossible to conclude from this evidence that Raymers had any such interest in the Zingscheim land as attached any homestead rights in it on his own part. Of course, if he had no homestead interest in the land on which he lived, no such homestead right would extend to his own property, which adjoined that on which he lived.

No error is discovered in the judgment of the trial court, and it is recommended that it be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.