## In re WILLIAMS et ux.
No. B–22477.

District Court, D. Oregon.
Aug. 25, 1938.

F. J. Newman and G. W. Neilson, both· of Medford, Or., for bankrupts.

Gus Newbury, of Medford, Or., for objecting creditor.

McCOLLOCH, District Judge.

Upon the petition of the bankrupts, the· Referee has certified to this Court for re--

view the question of whether or not an automobile house-trailer occupied by the bankrupts and their children as a home is exempt under the laws of Oregon. The bankrupts in their schedules claim certain property exempt under the laws of Oregon, as follows:

Household effects and furniture, .. $100.00
Model A 1929 Ford, used in work.. 60.00
Trailer House used as home by
bankrupts .................... 250.00
Gang Plow .................... 5.00
Carpenter tools used by bankrupt .. 25.00
Buzz saw now in possession of
Adolph Peck ................. 15.00
One old saddle and piece of harness 7.50

Among other things, the Referee found that the bankrupts at the time of their adjudication were the owners of a certain Aladdin Fleet Wing Model B House trailer, mounted on two wheels, and so equipped that it may be attached to an automobile and moved from place to place as a trailer; that the bankrupts occupied and lived in said trailer as their home and place of abode. Also he found that the trailer was not attached to, nor is it a part of any real property. He reasoned that the exemption of a homestead in Oregon (Sec. 3-201, Oregon Code 1930) relates only to a dwelling house attached to land owned by the claimant, and concluded therefore, that the house trailer in which bankrupts made their home was not exempt.

From the files and testimony I glean that the bankrupts have three minor children, two of whom are wholly dependent upon them for care and support. Their father is a rancher and also a carpenter, equipped with tools and a buzz saw to do odd jobs.

Since their adjudication in July, 1937, the bankrupts and their children have lived in their trailer house, sojourning in Eastern Oregon, Idaho and California. Their means of transportation has been their model A Ford of 1929 vintage with 150,000 miles to its credit. Their living quarters has been the trailer house, and their livelihood has been earned in working in harvest fields and doing odd jobs in the back country.

Bankrupts' right to the other exemptions claimed has not been questioned. In addition to the exempt articles above mentioned, the testimony shows the bankrupts to be the fond possessors of a guitar and harmonica. These serve to complete the picture of home on the range "where the deer and the antelope play; where seldom is heard a discouraging word and the skies are not cloudy all day!"

When the legislators of the horse and buggy days sought to protect a man's home from the harshness of his creditors, they thought only in terms of the old homestead attached to the soil. The learned Referee pointed out that the Oregon statute provides that a homestead shall consist of any quantity of land not exceeding 160 acres, or if located in a town or city, not exceeding one block, provided such homestead shall not exceed in value the sum of $3,000. (Sec. 3-202, Oregon Code 1930.) From this he concluded that the trailer house was not a homestead although it was the actual abode of the claimants. The preceding section of the statute (Sec. 3-201, Oregon Code 1930) states that "the homestead must be the actual abode of and occupied by the owner, his or her spouse, parent or child". In a final analysis, the law was intended primarily to exempt the place in which a man makes a home for himself and his family. It would not be out of place in this age of migratory homes to construe the old homestead law in the light of changing conditions and give full effect to the true intent and purpose of the law. However, it seems unnecessary to decide this question.

The bankrupts' 1929 Ford valued at $60 has been held by the Referee to be exempt under Section 3-207, Oregon Code, as amended, because as the statute says, it is necessary to enable the bankrupt to carry on the trade, occupation or profession by which he habitually earns his living. This statute was amended by the Legislature in 1933 to the effect that the word "vehicle" shall be construed to include a motor vehicle, automobile, truck and/or trailer. Chapter 383, p. 619, Oregon Laws 1933. In this case, the trailer house attached to the automobile in which the bankrupts and their children live is just as necessary to them as their Ford as a means of transportation of themselves and their tools and equipment from place to place where the father may find opportunity to carry on his trade or occupation. The evidence indicates that the total value of the Ford and the trailer house does not exceed $400. The 1933 amendment to the law indicates that the word "vehicle" may be construed to include the automobile and the trailer, if they do not exceed in value the limit mentioned above. In these days, employment is more apt to be found in the back country and the out-of-way

places and the trailer house attached to the old Ford is the surest means of finding that employment.

An order may be entered exempting the trailer house along with the Ford under the provisions of Section 3-207, Oregon Code 1930, as amended; also, the bankrupts should be permitted to amend their claim of exemptions to include the guitar and the harmonica as musical instruments to the value of less than $75, in order that the sweet blessings of music may not be lost to the Trailer Home.