## In re FOLEY.
No. B–3–51.

United States District Court, D. Nebraska, Omaha Division.

June 13, 1951.

W. A. Ehlers, Omaha, Neb., for bankrupt.

Peter E. Marchetti, Omaha, Neb., for creditor, Frank Bazar.

DONOHOE, Chief Judge.

The bankrupt, Joseph L. Foley, has filed a petition for review of an order entered by the Referee which in substance disallows a homestead exemption claimed by the bankrupt. With one specific exception hereinafter discussed, the Referee's findings of fact are accepted by this Court because they are not clearly erroneous. General Order 47, 11 U.S.C.A. following section 53. Cf. Rasmussen v. Gresly, 8 Cir., 1935, 77 F.2d 252.

In the latter part of August, 1950, the bankrupt sold a home which he owned and occupied with his family as their dwelling place. Within six months after the sale of this home he purchased, with a part of the proceeds of the sale, a glider house trailer on a conditional sales contract. The house trailer has a value of $3,900, and there is a balance of $1,000 still due under the conditional sales contract. At the time the petition in bankruptcy was filed, and at the present time, the glider house trailer was, and is, located upon land owned and operated by the Garden Valley Trailer Court. The bankrupt keeps the trailer house at this court under an oral month to month lease for the space there occupied. It is undisputed that the bankrupt and his family did, at the time of the filing of the petition in bankruptcy, and do at the present time, occupy this trailer house as their home.

Section 40–101, R.S.Neb.1943, relating to the homestead exemption, provides: "A homestead not exceeding in value two thousand dollars, consisting of the dwelling house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner thereof, and not in any incorporated city or village, or instead thereof, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, shall be exempt from judgment liens, and from execution or forced sale, except as provided in sections 40–101 to 40–117."

Under this statute, it has been said, that three conditions must be met before the claimant will be entitled to an exemption. Loosely stated, these conditions are: 1) the claimant must be the head of the family; 2) the owner of real estate concerning which exemption is claimed; and 3) occupy the same as a family residence. See Foster, The Nebraska Homestead, 3 Nebr.L.B. 109. The first and third requirements have been met because the bankrupt is the head of a family and with his family occupies the trailer house as a family residence. The issues in this case, both factual and legal, involve the application of the second requirement. This requirement has probably not been stated with the degree of precision necessary to emphasize the intricacies of the case. Oversimplification clouds that which should be clear. Closer analysis of this requirement discloses that two very basic problems are inextricably entwined within its scope. These are: 1) the property interest required to support a homestead exemption; and 2) the type of property which may be a homestead.

1. As a general rule, in accordance with the view that a homestead right is not an estate in land but a mere privilege of

exemption from execution of such estate as the holder has, it has been held that a debtor need not be the absolute owner in fee in order to establish a homestead right in land, but that any interest in land, coupled with the requisite occupancy by the debtor and his family, is sufficient to support a homestead exemption. Annotation, 89 A.L.R. 511, cases cited at 512. In the early case of Giles v. Miller, 1893, 36 Neb. 346, 54 N.W. 551, 552, 38 Am.St.Rep. 730, the Nebraska Supreme Court ruled that a homestead may be claimed in lands held in joint tenancy, announcing: "We know that the purpose of the legislature in enacting the statute under consideration was to protect the debtor and his family in a home from forced sale on execution or attachment. Keeping this object in view, and applying the liberal rule of construction which always obtains in the interpretation of exemption laws, we are constrained to hold that any estate or interest in lands which gives the right of occupancy or possession is sufficient, if coupled with requisite occupancy, to entitle the person to the benefits of the provisions of the section above quoted."

This dicta indicates that it is the beneficent object of the statute to protect the temporary interests of the leaseholder. See Foster, The Nebraska Homestead, supra. The language itself seems broad enough to include the interest of a tenant at will since a tenant at will has not only possession but a right to possession. Cf. I Tiffany, Real Property (3rd Ed.) Chap. 5, Sec. 155, p. 249; Annotation 89 A.L.R. 511, cases cited at 558. However, the Nebraska Supreme Court has held that a tenant at will does not have a sufficient interest in the property to claim a homestead exemption. Howard v. Raymers, 64 Neb. 213, 89 N.W. 1004; Rank v. Garvey, 66 Neb. 767, 92 N.W. 1025, 99 N.W. 666. From these cases, counsel for the creditor argues that the bankrupt in the present case is not entitled to a homestead exemption. The Court is not able to accept his contention because the bankrupt in this case is not technically a tenant at will. He is a tenant from month to month. While in some states a tenant from month to month has

been referred to as a tenant at will, Holmes v. Wood, 88 Mich. 435, 50 N.W. 323; Prendergast v. Searle, 74 Minn. 333, 77 N.W. 231, nevertheless, a tenancy from month to month is, strictly speaking, a periodic tenancy, and the tenant has an absolute right to possession for a definite, though relatively short, period of time. A tenant at will has no assignable interest in property; but the Court is not convinced that a tenant from month to month has none. A tenancy from month to month is analogous to a tenancy from year to year (1 Tiffany, Real Property, Chap. 5, Sec. 170, p. 270) and it has been held that the interest of a tenant from year to year may be transferred without affecting the existence of the tenancy. See Cody v. Quarterman, 12 Ga. 386 (semble); Jackson ex dem. Bartholomew v. Hughes, 1 Blackf., Ind., 421; Austin v. Thomson, 45 N.H. 113; and other cases cited in 1 Tiffany, Real Property, Chap. 5, Sec. 171, p. 272, note 36. In view of the statement in Giles v. Miller, supra, as reiterated in Fisher v. Kellogg, 1935, 128 Neb. 248, 258 N.W. 404, that any estate or interest in lands which gives the right of occupancy or possession is sufficient to entitle a person to benefits of the homestead provisions, the Court is constrained to hold that the bankrupt, a tenant from month to month, has a sufficient interest in the property to support his claim for a homestead exemption. Cf. In re Wineland, D.C.Okl. 1933, 3 F.Supp. 796.

2. Having determined that the bankrupt has a sufficient possessory interest in the land upon which the trailer is situated to support the homestead claim, the court must ascertain whether the trailer is the type of property which may constitute a homestead in Nebraska. The applicable statute provides that the homestead shall consist of the dwelling house and the land upon which the same is situated. R.S. 40–101, 1943. In Corey v. Schuster, 44 Neb. 269, 62 N.W. 470, 472, the Nebraska Supreme Court had this to say: "The law does not contemplate by the words 'dwelling house' any particular kind of house. It may be a 'brown stone front,' all of which is occupied for residence purposes, or it may be a building part of which is used for bank-

ing or business purposes, or it may be a tent of cloth."

If a tent of cloth can have the essential attributes of a homestead, there is no apparent reason why a trailer house cannot. The argument is advanced that the trailer is only a chattel and that a chattel cannot be the subject of a homestead exemption. As authority for this proposition we are referred to Myrick v. Bill, 3 Dak. 284, 17 N. W. 268, 271, in which Judge Church states: "* * * the rule seems to be well settled that while a very limited estate in the land, perhaps a mere leasehold interest, may be sufficient to support a claim of homestead, some estate in the land is essential. There can be no homestead right in a building alone, apart from the land on which it stands."

Since the bankrupt in the present case is not claiming a homestead in the trailer without reference to the land on which it is situated, the Myrick Case is not exactly in point. The Court recognizes, however, that counsel for the creditor has other support for his position. In 40 C.J.S., Homesteads, § 52, page 492, it is said: "The right of homestead is generally regarded as incidental to an interest in land, rather than to buildings considered apart from the soil; but it attaches to the structure erected on exempt premises and to fixtures permanently annexed to the realty."

Similarly in 26 Am.Jur., p. 23, it is stated that a homestead may attach to a chattel if it is annexed to the freehold so as to have become a fixture and to have acquired the character of realty. A negative corollary which may be extracted from these statements is that a structure does not qualify for the homestead exemption unless it is a permanent structure attached to the realty. In Gann v. Montgomery, 1948, 210 S.W.2d 255, 260, the Texas Court of Civil Appeals places some reliance on this rule in holding that the owner of a house trailer permissively parked on land owned by his father was not entitled to a homestead exemption. However, the concurring opinion of Justice Speer in this case is a caveat to the application of the rule. He comments: "My personal views are that a homestead may be had in an automobile trailer in which the family lives. Some proprietary interest in land must be associated with the ownership and occupancy. That interest may be in fee or under lease for a term. The nature of the structure claimed as a home is of no consequence, whether it be a mansion, hovel, tent or auto trailer. Whether the foundation be of reinforced concrete, pine blocks, or wheels can make no difference. The ease and nominal expense with which it can be removed to another location do not alter its homestead character."

Following the same line of reasoning Professor Haskins in a recent article entitled "Homestead Exemptions", 63 Harv. 1289, 1295, comments: "It would seem, however, that if the function of homestead legislation is protection of the home, it should be immaterial whether the home is a mere chattel, or has achieved the dignity of an estate in land or a chattel real."

And Judge McColloch in the case of In re Williams, D.C.Ore.1938, 24 F.Supp. 440, 441, points out: "When the legislators of the horse and buggy days sought to protect a man's home from the harshness of his creditors, they thought only in terms of the old homestead attached to the soil. The learned Referee pointed out that the Oregon statute provides that a homestead shall consist of any quantity of land not exceeding 160 acres, or if located in a town or city, not exceeding one block, provided such homestead shall not exceed in value the sum of $3,000. (Sec. 3–202, Oregon Code 1930.) From this he concluded that the trailer house was not a homestead although it was the actual abode of the claimants. The preceding section of the statute (Sec. 3–201, Oregon Code 1930) states that 'the homestead must be the actual abode of and occupied by the owner, his or her spouse, parent or child'. In a final analysis, the law was intended primarily to exempt the place in which a man makes a home for himself and his family. It would not be out of place in this age of migratory homes to construe the old homestead law in the light of changing conditions and give full effect to the true intent and purpose of the law."

In view of these comments, even if we admit that the law requires the annexa-

tion of the chattel to the land in order for the chattel to qualify for the homestead exemption, it seems clear that courts should be very liberal in determining that a sufficient attachment to the realty has ocurred.

In Clark v. Vitz, Tex.Civ.App., 190 S.W. 2d 736, the court had under consideration a situation in which a trailer had been placed on wooden blocks along side the owner's home. The owner connected the electrical system of the trailer with that of the house and testified that he was planning to connect the plumbing in the trailer with the water supply in his residence. The court held that the trailer had in effect been made a part of the house. This case gives some indication of the factors which at least one court considered sufficient to show a permanent attachment to the realty.

In the case under consideration the Referee has made a finding that the glider house trailer in question stands on its own wheels and is not permanently affixed to the land. The Court is unable to discover any evidence in the record to support this finding. Consequently, the cause must be remanded to the Referee for the purpose of taking evidence and making an ultimate finding on the issue of whether or not the trailer is affixed to the land. The Court advises the Referee to make his ultimate finding in accordance with the liberal policy set forth in this memorandum.